## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEM ACCESSORIES, INC.,** | : | **CIVIL ACTION NO. 1:17-CV-2411** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **D&H DISTRIBUTING, CO.,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Jem Accessories, Inc. ("Jem") commenced this action against

defendant D&H Distributing, Co. ("D&H") asserting claims for breach of contract,

unjust enrichment and *quantum meruit*, and breach of the duty of good faith and

fair dealing. (Doc. 1). D&H moves to dismiss Jem's complaint in part pursuant to

Federal Rule of Civil Procedure 12(b)(6). (Doc. 7).

## I.    Factual Background & Procedural History

Jem manufactures and distributes various electronic products. (Doc. 1 ¶ 6).

D&H distributes certain of these products. (Id. ¶ 7). D&H purchases products from

Jem pursuant to a supplemental vendor purchase agreement. (Id. ¶¶ 7-8; Doc. 8-1).

According to the allegations set forth in plaintiff's complaint, Jem provided

electronics to D&H in reliance on the parties' agreed upon price, and D&H failed to

pay for the products. (Doc. 1 ¶¶ 10-12). By way of explanation, representatives of

D&H allegedly admitted that it ordered more products than could be sold. (Id.

¶ 13). However, Jem contends that D&H neglected to use its best efforts in selling

the electronics and purchasing the appropriate quantities.  (Id. ¶¶ 14-15).  D&H purportedly owes Jem in excess of $700,000.00, plus interest.  (Id. ¶ 16).

Jem commenced this action advancing claims of breach of contract (Count I), unjust enrichment and *quantum meruit* (Count II), and breach of the duty of good faith and fair dealing (Count III).  D&H moves to dismiss Counts II and III of the complaint under Federal Rule of Civil Procedure 12(b)(6).  The motion is fully briefed and ripe for disposition.

## II.  <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III. Discussion

D&H moves to dismiss the unjust enrichment claim because a valid contract governs the parties' dispute. D&H further argues that Jem may not plead breach of the duty of good faith and fair dealing as a separate cause of action independent of its breach of contract claim. Jem rejoins that it may plead both claims as alternatives to breach of contract because D&H's position on the contract is unknown. The court will address each count in turn.

## A.  Unjust Enrichment

Federal Rule of Civil Procedure 8 permits a party to plead multiple "statements of a claim" in the alternative.  FED. R. CIV. P. 8(d)(2).  A party may plead a quasi-contractual claim of unjust enrichment as an alternative to breach of contract when (1) a contract encompasses only a portion of the parties' relationship, or (2) the contract's existence or validity is in dispute.  Vantage Learning (USA), LLC v. Edgenuity, Inc., 246 F. Supp. 3d 1097, 1100 (E.D. Pa. 2017) (collecting cases); AmerisourceBergen Drug Corp. v. Allscripts Healthcare, No. 10-6087, 2011 WL 3241356, at *3 & n.4 (E.D. Pa. July 29, 2011) (same).  A party may not maintain an unjust enrichment claim when the parties do not dispute the existence of a governing contract that covers the same subject matter as the pending dispute.  Wayne Moving & Storage of N.J., Inc. v. Sch. Dist. of Phila., 625 F.3d 148, 154 n.1 (3d Cir. 2010) (quoting In Re Penn Cent. Transp. Co., 831 F.2d 1221, 1230 (3d Cir. 1987); Wilson Area Sch. Dist. v. Skepton, 895 A.2d 1250, 1254-55 (Pa. 2006)).

D&H posits that Jem may not plead unjust enrichment as both parties concur that an express contract governs the present dispute.  (Doc. 20 at 1-3).  We agree.  Jem brought the claim as an alternative to breach of contract because D&H's position on the existence and validity of the purchase agreement was unclear.  (Doc. 17 at 4).  D&H now acknowledges that the purchase agreement is valid and applicable to the current dispute but reserves the right to argue the contract's terms.  (Doc. 20 at 3 & n.2).[1]  Moreover, Jem concedes that the unjust

---

[1]  D&H attached a copy of the contract to its brief in support.  (Doc. 8 at 2 n.2; Doc. 8-1).

enrichment claim "may be moot" if D&H agrees to the contract's existence. (Doc. 17 at 4-5). In light of these circumstances, Jem may not advance an unjust enrichment claim in light of the governing contract.

### B. Breach of the Duty of Good Faith and Fair Dealing

Pennsylvania law does not recognize a separate and distinct claim for breach of the duty of good faith and fair dealing. Burton v. Teleflex, Inc., 707 F.3d 417, 432 (3d Cir. 2013) (collecting cases); Diodato v. Wells Fargo Ins. Servs., USA, 44 F. Supp. 3d 541, 560 (M.D. Pa. 2014) (Conner, C.J.) (same). A party asserting a breach of this duty must ground the argument in a claim for breach of contract. See Burton, 707 F.3d at 432; Diodato, 44 F. Supp. 3d at 560. Jem styles Count III as a breach of the duty of good faith and fair dealing, yet acknowledges that such a duty is implied in every contract under Pennsylvania law. (Doc. 1 ¶ 30). Accordingly, the court will dismiss Jem's claim of breach of the duty of good faith and fair dealing as an independent cause of action.

## IV. Conclusion

The court will grant D&H's partial motion to dismiss. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      July 26, 2018